**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| BURCHICK CONSTRUCTION COMPANY, INC., | ) | |
| Plaintiff, | ) | |
| | ) | No. 08-15C |
| v. | ) | |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

**DEFENDANT'S ANSWER**

For its answer to the complaint, defendant admits, denies, and alleges as follows:

The allegations contained in the introductory paragraph to the complaint constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

**Parties & Jurisdiction**[1]

1. Denies the allegations contained in paragraph 1 for lack of knowledge or information sufficient to form a belief as to their truth.

2. Admits.

3. The allegations contained in paragraph 3 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

[1] The complaint includes various headings, and they are repeated here for the convenience of the reader. We do not believe that a response to these headings is necessary or appropriate. Should the Court conclude that a response is required, defendant responds that these headings constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

## Factual & Procedural Background

4. Admits the allegations contained in the first sentence of paragraph 4 to the extent supported by the solicitation cited, which is the best evidence of is contents; otherwise, denies the allegations contained in the first sentence of paragraph 4. The allegations contained in the second sentence of paragraph 4 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Admits the allegation contained in the third sentence of paragraph 4 that "the VA has a copy of the Solicitation"; denies the remaining allegations contained in the third sentence of paragraph 4 for lack of knowledge or information sufficient to form a belief as to their truth.

5. Admits the allegations contained in paragraph 5 to the extent supported by the solicitation cited, which is the best evidence of is contents; otherwise, denies the allegations contained in paragraph 5.

6. Admits the allegations contained in paragraph 6 to the extent supported by the solicitation cited, which is the best evidence of is contents; otherwise, denies the allegations contained in paragraph 6.

7. Admits the allegations contained in the first sentence of paragraph 7 to the extent supported by the specification to the solicitation cited, which is the best evidence of is contents; otherwise, denies the allegations contained in the first sentence of paragraph 7. The allegations contained in the second sentence of paragraph 7 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Admits the allegation contained in the third sentence of

paragraph 7 that "the VA has a copy of the Specifications"; denies the remaining allegations contained in the third sentence of paragraph 7 for lack of knowledge or information sufficient to form a belief as to their truth.

8. Admits the allegations contained in paragraph 8 to the extent supported by the solicitation cited, which is the best evidence of is contents; otherwise, denies the allegations contained in paragraph 8.

9. Denies the allegation contained in paragraph 9 that the plaintiff's bid was submitted in response to the solicitation for lack of knowledge or information sufficient to form a belief as to its truth; admits the remainder of the allegations contained in paragraph 9 to the extent supported by the bid cited, which is the best evidence of its contents, otherwise, denies the remainder of the allegations contained in paragraph 9.

10. Admits the allegations contained in the first sentence of paragraph 10 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise, denies the allegations contained in the first sentence of paragraph 10. The allegations contained in the second sentence of paragraph 10 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Admits the allegation contained in the third sentence of paragraph 10 that "the VA has a copy of the contract"; denies the remaining allegations contained in the third sentence of paragraph 10 for lack of knowledge or information sufficient to form a belief as to their truth.

11. Admits the allegations contained in paragraph 11 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise, denies the allegations

contained in paragraph 11.

12. The allegations contained in paragraph 12 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

13. Denies the allegations contained in paragraph 13 for lack of knowledge or information sufficient to form a belief as to their truth.

14. The allegations contained in paragraph 14 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

15. Admits the allegations contained in paragraph 15 to the extent supported by the change order cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 15.

16. Admits the allegations contained in paragraph 16 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 16.

17. Admits the allegations contained in paragraph 17 to the extent supported by the change order cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 17.

18. Denies the allegations contained in paragraph 18 for lack of knowledge or information sufficient to form a belief as to their truth.

19. The allegations contained in paragraph 19 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be

deemed allegations of fact, they are denied.

20. Admits the allegations contained in the first sentence of paragraph 20 that the VA disagreed with the plaintiff's characterization of the gray claystone material; denies the remainder of the allegations contained in the first sentence of paragraph 20. The second sentence of paragraph 20 is a citation clause, to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied.

21. Admits the allegations contained in paragraph 21 to the extent supported by the change order cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 21.

22. Denies the allegations contained in paragraph 22 for lack of knowledge or information sufficient to form a belief as to their truth.

23. The allegations contained in paragraph 23 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied except to the extent supported by the contract and specifications cited, which are the best evidence of their contents.

24. Denies.

25. Denies the allegation contained in the first sentence of paragraph 25 that the plaintiff's claim was submitted due to the VA's alleged failure to honor its contractual obligations for a lack of knowledge or information sufficient to form a belief as to their truth; admits the remainder of the allegations contained in the first sentence of paragraph 25 to the extent supported by the claim letter cited, which is the best evidence of its contents, otherwise, denies the remainder of the of the allegations contained in the first sentence of paragraph 25.

The allegations contained in the second sentence of paragraph 25 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

26. Admits the allegations contained in the first sentence of paragraph 26 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise, denies the allegations contained in the first sentence of paragraph 26. The allegations contained in the second sentence of paragraph 26 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

27. Admits the allegations contained in paragraph 27 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 27.

28. The allegations contained in paragraph 28 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

29. Admits the allegations contained in paragraph 29 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 29.

30. The allegations contained in paragraph 30 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

**COUNT I**
**Breach of Contract**

31. The defendant's responses to paragraphs 1 through 30 are incorporated by reference.

32. Admits the allegations contained in paragraph 32 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 32.

33. Admits the allegations contained in paragraph 33 to the extent supported by the estimate cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 33.

34. Denies the allegations contained in paragraph 34 to for lack of knowledge or information sufficient to form a belief as to their truth.

35. The allegations contained in paragraph 35 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

36. The allegations contained in paragraph 36 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

37. The allegations contained in paragraph 37 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

38. The allegations contained in paragraph 38 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be

deemed allegations of fact, they are denied.

Denies that plaintiff is entitled to the relief set forth in the prayer for relief immediately following paragraph 38, or to any relief whatsoever.

**COUNT II**
**Breach of the Covenant of Good Faith and Fair Dealing**

39. The defendant's responses to paragraphs 1 through 38 are incorporated by reference.

40. The allegations contained in paragraph 40 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

41. The allegations contained in paragraph 41 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

42. The allegations contained in paragraph 42 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

Denies that plaintiff is entitled to the relief set forth in the prayer for relief immediately following paragraph 42, or to any relief whatsoever.

43. Denies each and every allegation not previously admitted or otherwise qualified.

WHEREFORE, defendant requests that the Court enter judgment in defendant's favor, and order that the complaint be dismissed, and grand defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Reginald T. Blades, Jr.
REGINALD T. BLADES, JR.
Assistant Director

s/ Devin A. Wolak
DEVIN A. WOLAK
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L St., N.W.
Attn: Classification Unit, 8th Floor
Washington, D.C. 20530
Tel. (202) 616-0170
Fax. (202) 305-7644

March 10, 2008 Attorneys for Defendant

**CERTIFICATE OF FILING**

I hereby certify that on March 10, 2008, a copy of the foregoing “DEFENDANT’S ANSWER” was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Devin A. Wolak