# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| BURCHICK CONSTRUCTION COMPANY, INC., | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 08-15C |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

## JOINT PRELIMINARY STATUS REPORT

Pursuant to Rule 16 and Appendix A of the Rules of the United States Court of Federal Claims ("RCFC"), the plaintiff, Burchick Construction Company, Inc. ("Burchick"), and the defendant, the United States, respectfully submit the following joint preliminary status report in response to the questions set forth in paragraph 4 of Appendix A.

a. **Does the Court have jurisdiction over this action?**

The plaintiff asserts that the Court possesses jurisdiction to entertain this action. The United States is unaware of any basis upon which to challenge jurisdiction at this time.

b. **Should this case be consolidated with any other case?**

The parties agree that this case should not be consolidated with any other cases.

c. **Should trial of liability and damages be bifurcated?**

The parties agree that the trial of liability and damages should not be bifurcated.

d. **Should further proceedings be deferred pending consideration of another case before this Court or any other tribunal and the reasons therefore?**

The parties agree that further proceedings in this case should not be deferred pending consideration of another case before this Court or any other tribunal.

e. **Will a remand or suspension be sought?**

The parties do not intend to seek remand or suspension.

f. **Will additional parties be joined?**

The parties agree that they will not join any additional parties.

g. **Does either party intend to file a dispositive motion pursuant to Rule 12(b), 12(c), or 56? And, if so, a schedule for the intended filing?**

Both the United States and Burchick will file cross-motions for summary judgment pursuant to RCFC 56, prior to the start of discovery as set forth below.

h. **What are the relevant issues?**

The parties have been unable to agree upon a joint statement of the relevant issues. Therefore, they set forth their separate positions below.

**Plaintiff's statement:** On March 15, 2006, the VA issued a Solicitation, Offer and Award (the "Solicitation") for Phase I work at the Cemetery of the Alleghenies located in Bridgeville, Pennsylvania. As part of the Solicitation, Burchick was required to "provide a price for rock removal so that if the quantities [varied] from the base amount, a basis for future adjustments ha[d] been established" In response the Solicitation, Burchick submitted a bid to the VA in which Burchick specified that it would perform rock removal at a cost of $45.00 per cubic yard. On or about July 28, 2006, Burchick was awarded Contract No. VA786A-C-0021.

In the process of performing excavation on the project, Burchick encountered material that Burchick contends meets the definition of "Rock Excavation" under the Specifications of the

Solicitation. To date, Burchick has excavated approximately 25,198 cubic yards of materials that Burchick contends meets the definition of "Rock Excavation." The key issue before the Court is the manner in which Burchick is to be compensated for this additional excavation – Burchick contends that is should be paid the contractually agreed upon amount of $45 per cubic yard while the Government contends that Burchick should be paid based upon an equitable adjustment of the contract price. If the Government prevails on its theory of damage methodology, then the Court will need to rule upon the actual quantum of equitable adjustment that Burchick is entitled to recover.

**Government's Statement:** Whether the Government has breached the contract by not agreeing to pay Burchick $45 per cubic yard for all "rock excavation," but rather has insisted that the contract requires an equitable adjustment of the contract price.

i. **<u>What is the likelihood of settlement?</u>**

The United States is willing to engage in settlement discussions and will make every effort to resolve this case amicably. To facilitate settlement discussions, the parties are agreeable to considering an ADR method; however, the defendant is required to seek specific authorization to participate in any ADR proceeding, and such authorization is not ordinarily sought or granted until a time immediately prior to the contemplated ADR. In this case, the parties anticipate that some discovery will be necessary before they can realistically engage in settlement discussions or an ADR proceeding, and therefore (a) any ADR methodology should be determined at or near the conclusion of the discovery period, and (b) the defendant's ability to participate in any ADR proceeding is subject to its receipt of official authorization to do so at that time.

*Status of Pre-Discovery Settlement Negotiations*. Pursuant to the Court's specific request, the parties report that their early efforts to settle this case have not been successful, and the talks between the plaintiff's principal and the contracting officer had not progressed beyond initial information inquiries. The parties agree that proceeding with pre-discovery cross-motions for summary judgment as provided for in the proposed schedule below is the best course at this point. The parties will be prepared to discuss these issues further during the status conference scheduled for April 9, 2008.

j. **Do the parties anticipate proceeding to trial?**

If the Court's ruling on the proposed motions for summary judgment does not result is a settlement of this case, trial will be necessary. The United States expects that a trial would last approximately one week. The parties do not request expedited trial scheduling. The parties request that the trial be conducted in Pittsburgh, Pennsylvania.

k. **Are there special issues regarding electronic case management needs?**

The parties do not have any special issues regarding electronic case management needs.

l. **Is there other information of which the Court should be aware at this time?**

There is no additional information of which the Court should be aware at this time.

m. **What is the proposed discovery plan?**

The parties intend to conduct simultaneous discovery through interrogatories, requests for admission, requests for production of documents, and/or depositions. The parties propose the following case management / discovery schedule:

Exchange of Initial Disclosures April 15, 2008

| | |
|---|---|
| Submission of Cross-Motions for Summary Judgment | June 6, 2008 |
| Responses to Cross-Motions for Summary Judgment | July 3, 2008 |
| Close of Fact Discovery | 90 days from Court's Ruling on Motions |
| Parties Expert Reports Due | 45 days from close of fact discovery |
| Rebuttal Expert Reports Due | 30 days from submission of expert reports |
| Deadline for Expert Depositions | 30 days from filing of rebuttal reports |

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Reginald T. Blades, Jr.
REGINALD T. BLADES, JR.
Assistant Director

s/ D. Matthew Jameson III
D. MATTHEW JAMESON III
Babst, Calland, Clements, Zomnir, PC
Two Gateway Center
8th Floor
Pittsburgh, PA 15222
Tel. (412) 394-5400
Fax. (412) 586.1038
e-mail: mjameson@bccz.com

Attorney for Plaintiff

s/ Devin A. Wolak
DEVIN A. WOLAK
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L St., N.W.
Attn: Classification Unit, 8th Floor
Washington, D.C. 20530
Tel. (202) 616-0170
Fax. (202) 305-7644
e-mail: devin.wolak@usdoj.gov

Attorneys for Defendant

April 4, 2008

## CERTIFICATE OF FILING

I hereby certify that on April 4, 2008, a copy of the foregoing "Joint Preliminary Status Report" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ D. Matthew Jameson III
D. MATTHEW JAMESON III