No. 08-15C
(Judge Horn)

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

BURCHICK CONSTRUCTION COMPANY, INC.,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

**DEFENDANT'S CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT**

GREGORY G. KATSAS
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

REGINALD T. BLADES, JR.
Assistant Director

DEVIN A. WOLAK
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L St., N.W.
Attn: Classification Unit, 8th Floor
Washington, D.C. 20530
Tel. (202) 616-0170
Fax. (202) 305-7644

May 28, 2008

Attorneys for Defendant

# TABLE OF CONTENTS


STATEMENT OF THE ISSUE . . . . . 1

STATEMENT OF THE CASE . . . . . 2

I. Nature Of The Case . . . . . 2

II. Statement Of Facts . . . . . 3

ARGUMENT . . . . . 4

I. Standard of Review . . . . . 4

II. The Defendant Is Entitled To Partial Summary Judgment Because The Contract Requires The Plaintiff To Submit A Request For An Equitable Adjustment For Any Amounts Of Rock Excavated Other Than 100 Cubic Yards . . . . . 6

CONCLUSION . . . . . 9

**TABLE OF AUTHORITIES**

**CASES**

Anderson v. Liberty Lobby, Inc.,
477 U.S. 242 (1986) . . . . . 4

Bubble Room, Inc. v. United States,
159 F.3d 553 (Fed. Cir. 1998) . . . . . 5

Celotex Corp. v. Catrett,
477 U.S. 317 (1986) . . . . . 4-5

Earth Burners, Inc. v. United States,
43 Fed. Cl. 481 (1999) . . . . . 5, 7-8, 9

Gardiner, Kamya & Associates, P.C. v. Jackson,
467 F.3d 1348 (Fed. Cir. 2006) . . . . . 6

McAbee Construction, Inc. v. United States,
97 F.3d 1431 (Fed. Cir. 1996) . . . . . 6

Prineville Sawmill Co. v. United States,
859 F.2d 905 (Fed. Cir. 1988) . . . . . 5

Seal-Flex, Inc. v. Athletic Track and Court Const.,
98 F.3d 1318 (Fed. Cir. 1996) . . . . . 4

Sweats Fashions, Inc. v. Pannill Knitting, Inc.,
833 F.2d 1560 (Fed. Cir. 1987) . . . . . 5

Thermocor, Inc. v. United States,
35 Fed. Cl. 480 (1996) . . . . . 5

United States v. Callahan Walker Constr. Co.,
317 U.S. 56 (1942) . . . . . 8-9

**RULES AND REGULATIONS**

RCFC 56(c) . . . . . 4

FAR 52.236-2 . . . . . 7

FAR 52.243-4 . . . . . 7

VAAR 852.236-88 . . . . . 7

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| BURCHICK CONSTRUCTION COMPANY, INC., | ) | |
| Plaintiff, | ) | No. 08-15C |
| v. | ) | (Judge Horn) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

**DEFENDANT'S CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT**

Pursuant to Rule 56(b) of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, respectfully requests that the Court grant this cross-motion for partial summary judgment because there are no genuine issues of material fact and defendant is entitled to judgment as a matter of law upon the issue stated below. In support of this motion, we rely upon the plaintiff's complaint, the parties' Joint Stipulation Of Facts, the appendix thereto, and the following brief.

**STATEMENT OF THE ISSUE**

As stated in the parties' Joint Statement Of Issues Of Law, the issue presented upon this cross-motion for partial summary judgment is:

> Whether contract no. VA786A-C-0021 . . . requires the defendant, the United States, to pay plaintiff, Burchick Construction Company, Inc., . . . $45 per cubic yard for all extra "rock removal" performed upon the project, or whether the Contract entitles Burchick to an equitable adjustment of the contract price for rock removal performed in excess of the 100 cubic yard estimate provided by the Government in the solicitation.

## STATEMENT OF THE CASE

I. Nature Of The Case

The plaintiff, Burchick Construction Company ("Burchick), is the awardee of a contract from the United States Department of Veterans' Affairs ("VA") to construct a cemetery in western Pennsylvania. The bid documents for the contract required Burchick to provide a dollar-per-cubic-yard unit price for excavating 100 cubic yards of rock from the cemetery site. That same provision also stated that, if Burchick actually removed any amount of rock other than 100 cubic yards, the dollars-per-cubic-yard figure would serve as a basis for equitably adjusting the contract to compensate Burchick for its additional work (or to provide a credit to the VA for work Burchick did not have to perform).

Burchick has excavated more than 20,000 cubic yards of rock from the project site, and it has insisted that it be paid strictly in accordance with the dollars-per-cubic-yard figure it submitted with its bid. The VA has maintained that Burchick must submit a cost proposal to determine a proper equitable adjustment to the contract price, consistent with the "changes" and "differing site conditions" clauses referenced by the bid-sheet instruction.

The parties' different views upon this issue of contract interpretation has led to an impasse in the negotiation process, as the application of each parties' understanding of the contract results in a valuation gap of hundreds of thousands of dollars. Therefore, this cross-motion for partial summary judgment seeks a ruling as to what the contract requires the Government to pay Burchick for rock excavation -- Burchick's bid unit price of $45 per cubic yard, or an equitable adjustment reflecting the reasonable cost and profit for the work Burchick has actually performed.

## II. Statement Of Facts

On March 15, 2006, the United States Department of Veterans' Affairs ("VA") issued a Solicitation (the "solicitation") for Phase I work at the Cemetery of the Alleghenies located in Bridgeville, Pennsylvania (the "project"), which generally consisted of digging a cemetery and constructing various buildings and roads upon the cemetery grounds. Joint Stipulation of Facts ("JSF") at ¶¶ 1-2; Appendix to the JSF ("A") at 1-525 (copy of Solicitation), 31 (description of project). The solicitation anticipated that, when performing the necessary excavation to build the cemetery, the contractor may encounter limited quantities of rock that must be removed. JSF ¶¶ 5, 6; A348-49. Accordingly, the solicitation's bid sheet required each bidding contractor to separately state a cost component, in dollars per cubic yard, for an estimated cost for removing 100 cubic yards of rock. JSF ¶ 3; A25. Directly above the line provided for this cost estimate was the following language: "As outlined in Section 02200 1.6 the Contractor must provide a price for rock removal so that if quantities vary from the base amount, a basis for future adjustments has been established." JSF ¶ 3; A25 (emphasis added).

Section 02200 1.6 of the solicitation states that "No separate payment shall be made for rock excavation quantities shown. Contract price and time will be adjusted for overruns or underruns in accordance with Article, DIFFERING SITE CONDITIONS, CHANGES, and CHANGES-SUPPLEMENT of the GENERAL CONDITIONS as applicable." JSF ¶6; A349. The solicitation includes VAAR 852.236-88 ("Contract Changes -- Supplement), and incorporates by reference FAR 52.236-2 ("Differing Site Conditions"), and FAR 52.243-4 ("Changes"). JSF ¶¶ 8, 9; A112-13 , 116.

Plaintiff Burchick Construction Company ("Burchick") was the successful bidder upon

the solicitation, and on July 28, 2006, Burchick was awarded Contract No. VA786A-C-0021 (the "contract"). JSF ¶ 7; A526-29. Upon its bid sheet, Burchick included a price of $45 per cubic yard for 100 cubic yards of excavated rock. JSF ¶ 4; A530. During performance, Burchick excavated several thousand cubic yards of material that meets the contract definition of "Open Excavation" rock. JSF ¶¶ 5,11; A348, 535-39. Burchick has maintained that the bid-sheet estimate requires the Government to pay it $45 per cubic yard for every cubic yard of excavated rock it removes from the project site, no matter what total quantity is removed. JSF ¶13, Complaint ¶ 23.

The VA, on the other hand, has maintained that the plain language of the contract entitles Burchick to only an equitable adjustment for any qualifying rock excavated from the project site. JSF ¶14. The VA has urged Burchick to submit cost estimates for its rock excavation work, but Burchick has refused to do so. Therefore, to compensate Burchick for this excess rock excavation, the VA issued two Central Office Change Orders ("COCO"), COCO A and COCO B, which made two adjustments to the contract price totaling $362,796. JSF ¶ 12; A535-39. Burchick has not billed any of its work to these change orders. Id.

## ARGUMENT

I. Standard of Review

Summary judgment is appropriate when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. RCFC 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986). The moving party bears the initial burden of establishing the absence of any disputes of material fact. Seal-Flex, Inc. v. Athletic Track and Court Const., 98 F.3d 1318, 1321 (Fed. Cir. 1996) (citing Celotex Corp. v. Catrett, 477 U.S. 317,

323 (1986)). "When the movant has met its initial burden, the non-movant must respond with sufficient evidence to show that there is a material factual dispute and that, on the non-movant's evidence, the movant is not entitled to judgment as a matter of law." Id. Alternatively, if the moving party can show that there is an absence of evidence to support the non-moving party's case, then the burden shifts to the non-moving party to proffer such evidence. Celotex, 477 U.S. at 325. The Supreme Court has emphasized that the "[s]ummary judgment procedure is not properly regarded as a disfavored procedural shortcut but, rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action. . . .'" Celotex, 477 U.S. at 327 (citations omitted); accord Sweats Fashions, Inc. v. Pannill Knitting, Inc., 833 F.2d 1560, 1562 (Fed. Cir. 1987).

"When the parties have filed cross-motions for summary judgment, the court must evaluate each motion on its own merits. Earth Burners, Inc. v. United States, 43 Fed. Cl. 481, 486 (citing Thermocor, Inc. v. United States, 35 Fed. Cl. 480, 484 (1996) (citing Prineville Sawmill Co. v. United States, 859 F.2d 905, 911 (Fed. Cir. 1988))); see also Bubble Room, Inc. v. United States, 159 F.3d 553, 561 (Fed. Cir. 1998) ("Cross-motions are no more than a claim by each party that it alone is entitled to summary judgment, and the court must evaluate each motion on its own merits, taking care in each instance to view the evidence in favor of the nonmoving party."). "The fact that both parties argue in favor of summary judgment and allege that there are no genuine issues of material fact does not relieve the court of its duty to decide whether summary judgment is appropriate." Id.

## II. The Defendant Is Entitled To Partial Summary Judgment Because The Contract Requires The Plaintiff To Submit A Request For An Equitable Adjustment For Any Amounts Of Rock Excavated Other Than 100 Cubic Yards

The starting place for interpreting a contract is the text of the contract itself. Gardiner, Kamya & Associates, P.C. v. Jackson, 467 F.3d 1348, 1353 (Fed. Cir. 2006) (summarizing the Federal Circuit's "well-settled principles of contract interpretation"). If the words of the contract are clear, the plain meaning must be enforced:

> We begin with the plain language. [Citations omitted.] We must interpret the contract in a manner that gives meaning to all its provisions and makes sense. [Citations omitted.] Thus, if the "provisions are clear and unambiguous, they must be given their plain and ordinary meaning."

McAbee Construction, Inc. v. United States, 97 F.3d 1431, 1435 (Fed. Cir. 1996).

For purposes of this partial motion for summary judgment, the dispute between the parties centers upon the contract language regarding payment for rock excavation. The parties agree that Burchick excavated rock in excess of the 100 cubic yard estimate provided by the Government upon the bid sheet, and they agree that Burchick is entitled to some additional compensation for this work. The dispute is over how much Burchick should be paid.

Burchick has maintained that its bid price of $45 per cubic yard should be paid no matter what volume of rock is excavated, be it 2 cubic yards or 200,000 cubic yards, or any number in between. This position, however, ignores the plain language of the contract.

The contract provides a clear mechanism for compensating Burchick for its rock excavation. The bid sheet provides that, for 100 cubic yards of rock excavation, Burchick should receive $45 per cubic yard, and that amount ($4,500) was incorporated into Burchick's bid. A25. That same provision also states that, "if quantities vary from the base amount" of 100

cubic yards, the $45 figure is to be used as a basis for negotiating future adjustments to the contract price in accordance with solicitation provision 02200 1.6. Id. Section 02200 1.6 of the solicitation, in turn, expressly states that "No separate payment shall be made for rock excavation quantities shown," and further directs the contractor to the Federal Acquisition Regulation provisions for "differing site conditions" and "changes," as well as the VA Acquisition Regulation provision for "changes-supplement," as the means of determining "price and time . . . adjustment[s]" to the total contract price for rock removal. JSF ¶6, A349. The standard FAR changes clause provides a procedure for requesting or directing changes to a contract. See 48 C.F.R. § 52.243-4. The VAAR changes-supplement provision provides additional procedures for requesting or directing changes to a contract. See A112-13 (setting forth text of VAAR 852.236-88). The FAR differing site conditions provision provides a procedure for requesting or unilaterally imposing (by the Government) equitable adjustments in contract price for certain circumstances that arise after the commencement of performance. See 48 C.F.R. § 52.236-2. Thus, the contract plainly requires Burchick to submit a request for an equitable adjustment if it excavates any amount of rock other than the 100 cubic yards estimated by the VA upon the bid sheet.

Under similar circumstances and contract language, this Court has already decided this precise issue in the Government's favor. In Earth Burners, Inc. v. United States, 43 Fed. Cl. 481 (1999), the contractor sought payment of the agreed unit price for disposal of sludge in excess of two inches that was contained in two above-ground storage tanks at an Air Force base. 43 Fed. Cl. at 482. The solicitation at issue in that case contained a bid instruction stating, "[f]or bidding purposes, the Contractor shall assume 2 inches of . . . sludge is present at the bottom of each

tank. . . . If . . . the tanks are found to contain other than 2 inches of . . . sludge, compensation therefor shall be in accordance with SECTION 1: DIFFERING SITE CONDITIONS." Id. Two tanks were at issue in that case, and neither contained exactly 2 inches of sludge (one contained more, one less). Id. This Court held that:

> [T]he court concludes that the unit price does not apply with respect to any of the materials plaintiff removed, treated, and disposed of from Tanks 8 and 9 because the contract expressly provided that compensation for material removed, treated and disposed of from Tanks 8 and 9 would be governed by the Differing Site Conditions clause if anything *other* than two inches was found. It is not disputed that something "other" than two inches was found at Tanks 8 and 9. In such circumstances, plaintiff's claim for payment based upon the unit price must fail.

Id. at 487 (emphasis in original).

Although the precise language of the contract at issue in this case differs from that in Earth Burners, the overall structure and concept is the same. The bid sheet states that, "[a]s outlined in Section 02200 1.6 the Contractor must provide a price for rock removal so that if quantities vary from the base amount, a basis for future adjustments has been established." JSF ¶ 3, A25 (emphasis added). This plainly states that any amount other than the base amount (100cy) is the subject of a future adjustment to the contract price, and the unit price bid by the contractor functions only as a basis for determining that adjustment. As outlined above, the contract plainly requires that the adjustment be an equitable one, and precedent from this Court, the United States Court of Appeals for the Federal Circuit, and the United States Supreme Court clearly establish that an equitable adjustment is to be measured by the reasonable cost and reasonable profit of the actual work that the contractor performs. See United States v. Callahan Walker Constr. Co., 317 U.S. 56, 61 (1942) ("An 'equitable adjustment' . . . involved merely the

ascertainment of the cost of [additional work] ... and the addition to that cost of a reasonable and customary allowance for profit."); Earth Burners, 43 Fed. Cl. at 482 (same). The contractor is not entitled to a windfall based upon a unit price that is not linked to the actual work done. See Earth Burners, 43 Fed. Cl. at 488 n.8 (summarizing precedent stating that the purpose of the differing site conditions clause is to "take at least some of the gamble . . . out of bidding . . . [so that the contractor] will have no windfalls and no disasters") (internal citations omitted).

## CONCLUSION

For the foregoing reasons, we respectfully request that the Court deny the plaintiff's cross-motion for partial summary judgment, grant the defendant's cross-motion for partial summary judgment, and rule that the plaintiff is not entitled to compensation for all of its rock excavation at a rate of $45 per cubic yard, but rather must accept an equitable adjustment that reflects the reasonable cost plus a reasonable profit for the work it performed excavating the rock.

Respectfully submitted,

GREGORY G. KATSAS
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Reginald T. Blades, Jr.
REGINALD T. BLADES, JR.
Assistant Director

s/ Devin A. Wolak
DEVIN A. WOLAK
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice

1100 L St., N.W.
Attn: Classification Unit, 8th Floor
Washington, D.C. 20530
Tel. (202) 616-0170
Fax. (202) 305-7644
e-mail: devin.wolak@usdoj.gov

May 28, 2008

Attorneys for Defendant

**CERTIFICATE OF FILING**

I hereby certify that on May 28, 2008, a copy of the foregoing "DEFENDANT'S CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Devin Wolak